FILED

2010 Apr-08  PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:09-CV-2599-RDP |
| | ) | |
| $7,002.00 IN UNITED STATES, | ) | |
| CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MOTION FOR ENTRY OF DEFAULT</u>**

Comes now the plaintiff, United States of America, by and through its undersigned counsel, and requests the Clerk of Court enter a default against potential claimants CHAD COX and COURTNEY COX pursuant to Rule 55, Federal Rules of Civil Procedure as to the Defendant $7,002.00 in United States Currency. As grounds in support, the plaintiff states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk <u>must</u> enter the party's default." Fed. R. Civ. P. 55(a). (Emphasis added). This failure is shown by the attached verification of the undersigned Special Assistant United States Attorney. (See Verification of Davis A. Barlow attached hereto as Exhibit A).

Respectfully submitted, this the 8th day of April, 2010.

> JOYCE WHITE VANCE
> United States Attorney
>
>
> /s/ Davis A. Barlow
> DAVIS A. BARLOW
> Special Assistant United States Attorney
> 1801 Fourth Avenue North
> Birmingham, Alabama  35203
> (205) 244-2134

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 8th day of April, 2010, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

/s/ Davis A. Barlow
DAVIS A. BARLOW
Special Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205)  244-2134

# Exhibit A

## VERIFICATION

Comes now Davis A. Barlow, Special Assistant United States Attorney, and verifies the following:

1.      That I am a Special Assistant United States Attorney for the Northern District of Alabama, and I am co-counsel for the plaintiff in the present civil forfeiture action, Civil Action Number 2:09-CV-2599-RDP.

2.      That a Verified Complaint for Forfeiture in Rem was filed in this action on or about December 30, 2009.  (Doc. 1).

3.      That the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") establish the notice requirements that govern this in rem forfeiture action.  *See* 18 U.S.C. § 983(a)(3)(A).  Supplemental Rule G(4)(b)(I) directs that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant."  (Emphasis added).  Furthermore, this notice "must be sent by means reasonably calculated to reach the potential claimant."  Rule G(4)(b)(iii)(A).

4.      That on January 14, 2010, copies of said Complaint and Notice of Complaint for Forfeiture were sent to potential claimants CHAD COX and COURTNEY COX two known mailing addresses via certified mail in accordance with Rule G(4)(b)(iii), with the mailings ultimately being returned unclaimed.  (Doc.

3).

5.      Also on January 14, 2010, a copy of said Complaint and Notice of Complaint for Forfeiture was sent to potential claimant CHAD COX via his attorney at his attorney's mailing address via certified mail in accordance with Rule G(4)(b)(iii)(B), with service being completed on January 16, 2010.  (Doc. 3).

6.      That notice of the forfeiture action is deemed <u>sent</u> "on the date when it is placed in the mail, delivered to a commercial mail carrier, or sent by electronic mail."  Supplemental Rule G(4)(b)(iv).

7.      Notice of the seizure and forfeiture action was duly published on an official internet site (www.forfeiture.gov) beginning on January 23, 2010, in accordance with Rule G(4)(a)(iv)(C).  A Declaration of Publication was filed on April 8, 2010.  (Doc. 4).

8.      That at least thirty-five (35) days have passed since notice of this action was sent to CHAD COX and COURTNEY COX.  *See* Supplemental Rule G(4)(b)(ii)(B) (establishing "deadline for filing a claim, at least 35 days after the notice is sent").

9.      That potential claimants CHAD COX and COURTNEY COX have failed to file a claim or answer, or otherwise respond, to the complaint within the time allowed as required for responsive pleadings under Supplemental Rule G(5)(a)(ii)(A).

10.    That upon information and belief, the plaintiff states that neither CHAD COX nor COURTNEY COX are infants, incompetent people, or members of the military service.

11.    That Supplemental Rule G does not address the issue of entry of default; therefore, the Federal Rules of Civil Procedure then apply.  *See* Supplemental Rule G(1).

12.    That Federal Rule of Civil Procedure 55(a) states:  "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk <u>must</u> enter the party's default."  (Emphasis added).

13.    That potential claimants CHAD COX and COURTNEY COX are now in default in this action, and that said default is due to entered by the Clerk of Court on the record herein forthwith.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 8th day of April, 2010.

<div style="margin-left:40%">
<u>/s/ Davis A. Barlow</u><br>
DAVIS A. BARLOW<br>
Special Assistant United States Attorney<br>
1801 Fourth Avenue North<br>
Birmingham, Alabama  35203<br>
(205) 244-2134
</div>